IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| EBRAHIM ABDURAHIMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:25-cv-1717 (RDA/WBP) |
| | ) | |
| VIRGINIA COMMUNITY COLLEGE | ) | |
| SYSTEM, | ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on Defendant Virginia Community College System's Motion to Dismiss. Dkt. 7. This Court has dispensed with oral argument as it would not aid in the decisional process. Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). The Motion is ripe for consideration. Considering the Motion together with the Complaint (Dkt. 1), the Memorandum in Support (Dkt. 8), Plaintiff's Opposition (Dkt. 14), and Defendant's Reply (Dkts. 17, 18), this Court GRANTS the Motion for the reasons that follow.[1]

### I. BACKGROUND

#### A. Factual Background[2]

*Pro se* Plaintiff Ebrahim Abdurahiman is African American and originally from Ethiopia. Dkt. 1 ¶ 1. Plaintiff is currently employed as an assistant professor of chemistry at a community college in Virginia. *Id.* ¶ 2. In August 2023, Plaintiff was employed as an assistant professor of chemistry at

---

[1] Unless otherwise noted, all citations are the CM/ECF assigned page numbers.

[2] For purposes of considering the instant Motion to Dismiss, the Court accepts all facts contained within the Complaint as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

1

Laurel Ridge Community College ("LRCC") pursuant to a contract that ran through May 2024. *Id.* ¶ 3. Plaintiff asserts that his employment was wrongfully terminated on September 19, 2023. *Id.* ¶ 4.

Plaintiff asserts that he was the only African American faculty member in the Science, Technology, Engineering, and Mathematics Departments at LRCC. *Id.* ¶ 5. Plaintiff asserts that he raised concerns regarding diversity and discrimination and that he "was known for opposing discriminatory practices." *Id.* ¶ 6.

Plaintiff asserts that he contracted Lyme disease in October 2022, "which substantially limited his ability to perform major life activities, and he was granted accommodations to teach virtually." *Id.* ¶ 7.

Plaintiff asserts that he filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") on March 18, 2024. *Id.* ¶ 8. He asserts that he was issued a right-to-sue letter on July 11, 2025. *Id.* ¶ 9.

Plaintiff asserts claims for: (i) breach of contract; (ii) discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII") based on race and national origin; (iii) retaliation under Title VII; (iv) retaliation under the Americans with Disabilities Act (the "ADA"); and (v) discrimination under the ADA. *Id.* at 3.

### B.  Procedural Background

Plaintiff filed his Complaint on October 8, 2025. Dkt. 1. On January 30, 2026, Defendant filed its Motion. Dkt. 7. After receiving an extension, Plaintiff filed his Opposition on April 15, 2026. Dkt. 14. On April 21, 2026, Defendant filed its Reply. Dkts. 17, 18.

## II.  STANDARD OF REVIEW

### A.  Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) provides for dismissal when the Court lacks jurisdiction over the subject matter of the action. A district court must dismiss an action over

2

which it lacks subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1), (h)(3). In considering a 12(b)(1) motion to dismiss, the burden is on the plaintiff to prove that subject-matter jurisdiction is proper. *See United States v. Hays*, 515 U.S. 737, 743 (1995) (citing *McNutt v. Gen. Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)); *see also Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982).

There are two ways in which a defendant may prevail on a 12(b)(1) motion. First, a defendant may attack the complaint on its face when the complaint "fails to allege facts upon which subject-matter jurisdiction may be based." *Adams*, 697 F.2d at 1219. Under this method of attack, all facts as alleged by the plaintiff are assumed to be true. *Id.* Alternatively, a 12(b)(1) motion to dismiss may attack the existence of subject-matter jurisdiction over the case apart from the pleadings. *Williams v. United States*, 50 F.3d 299, 304 (4th Cir. 1995). In such a case, "[n]o presumptive truthfulness attaches to the plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of the jurisdictional claims." *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977). Moreover, a court may consider evidence extrinsic to the complaint to determine whether subject-matter jurisdiction exists. *Adams*, 697 F.2d at 1215 (citing *Mims v. Kemp*, 516 F.2d 21 (4th Cir. 1975)).

### B. Rule 12(b)(6)

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion brought under Rule 12(b)(6), a court "must accept as true all of the factual

3

allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Generally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion. *See Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

## III. ANALYSIS

Defendant raises a number of arguments in support of its Motion. Defendant argues that Plaintiff's ADA and breach of contract claims should be dismissed as barred by the Eleventh Amendment. Defendant further argues that Plaintiff's Title VII and ADA claims should be dismissed for failure to state a claim. The Court will address each argument in turn.

### A. Sovereign Immunity

Under the Eleventh Amendment, "an unconsenting State is immune from suit brought in federal court by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662–63 (1974). This protection extends to state agencies and instrumentalities, *Regents of Univ. of Cal. v. Doe*, 519 U.S. 425, 429 (1997), including Defendant, *see Holmes v. Virginia Cmty. Coll. Sys.*, 2010 WL 420048, at *8 (W.D. Va. Feb. 1, 2010), *report and recommendation adopted*, 2010 WL 652981 (W.D. Va. Feb. 22, 2010) ("Thus, the Eleventh Amendment is applicable and also serves as a bar to the plaintiff's claims against VHCC."). Absent waiver or abrogation of sovereign immunity, therefore, any claims against Defendant "are barred regardless of the relief sought." *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146, (1993); *see also McCray v. Md. Dep't of Transp.*, 741 F.3d 480, 483 (4th Cir. 2014) ("[A]bsent abrogation of sovereign immunity or

4

consent from [the state], McCray cannot seek injunctive or monetary relief from [either state agency].").

With respect to Plaintiff's ADA claims, the Fourth Circuit has recognized that "[t]he Commonwealth [of Virginia] has not waived its sovereign immunity from private lawsuits under Title I of the ADA in either state or federal court." *Passaro v. Virginia*, 935 F.3d 243, 248 (4th Cir. 2019). More broadly, the Supreme Court has held that suits under Title I of the ADA "are barred by the Eleventh Amendment." *Bd. of Trs. of Univ. of Ala. v. Garrett*, 531 U.S. 356, 360 (2001). Accordingly, Defendant is correct and the ADA claims are barred by sovereign immunity.[3]

The Fourth Circuit has also applied sovereign immunity to breach of contract claims. *See Nofsinger v. Va. Commw. Univ.*, 523 F. App'x 204 (4th Cir. 2013). In *Nofsinger*, the Fourth Circuit held that similar breach of contract claims were barred by the Eleventh Amendment. *See id.* at 206 ("Because VCU did not consent to suit, the district court properly dismissed Nofsinger's contract claims against VCU as barred by the Eleventh Amendment."). Plaintiff cites *Montalla LLC v. Commonwealth*, 303 Va. 150 (2024), for the proposition that the Commonwealth has generally consented to suit in its own courts in contract cases. 303 Va. at 166. But such consent to suit in *Virginia* courts does not suffice to waive immunity in *federal* court. *See Port Auth. Trans–Hudson Corp. v. Feeney*, 495 U.S. 299, 306 (1990) ("A State does not waive its Eleventh Amendment immunity by consenting to suit only in its own courts."). Accordingly, this Court lacks subject-matter jurisdiction over Plaintiff's breach of contract claims. *See Amaram v. Va. State Univ.*, 476 F. Supp. 2d 535, 541

---

[3] Even assuming that Plaintiff's ADA claims were not barred by sovereign immunity (which they clearly are), Plaintiff has failed to allege plausible facts sufficient to support either an ADA discrimination claim or an ADA retaliation claim. Plaintiff has failed to allege facts demonstrating that he was disabled within the meaning of the ADA, as he does not identify any particular major life activity that he asserts has been substantially limited. *See Akens v. J.C. Penny Co., Inc.*, 2009 WL 10727653, at *7 (D. Md. Mar. 4, 2009) (holding that plaintiff with Lyme disease failed to allege facts sufficient to show she is disabled within the meaning of the ADA). Moreover, Plaintiff does not provide any chronology, information about any decision-maker, or allege any non-conclusory facts to support that he was either discriminated against or retaliated against for purposes of the ADA.

(E.D. Va. 2007) ("For these reasons, the Eleventh Amendment prohibits this Cout from exercising subject matter jurisdiction over the breach of contract claims.").

## B. Title VII Claims

Plaintiff bases his Title VII claims on his race, national origin, and protected activities. To state a plausible claim for discrimination based on race or national origin, Plaintiff may either proceed via a *prima facie* case or by setting forth facts establishing a reasonable inference of discrimination. To establish a *prima facie* case, Plaintiff must allege facts demonstrating: (1) he is a member of a protected class; (2) he suffered from an adverse employment action; (3) at the time the employer took the adverse employment action he was performing at a level that met the employer's legitimate expectations; and (4) he was treated differently than similarly situated employees outside the protected class. *See Harris v. Integrity Mgmt. Consulting, Inc.*, 2021 WL 1438310, at *4 (E.D. Va. Mar. 16, 2021). But Plaintiff is not required to establish a *prima facie* case to state a claim and may instead establish a reasonable inference of discrimination. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-15 (2002) (noting that the "prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement"); *Ali v. BC Architects Eng'rs, PLC*, 832 F. App'x 167, 171 (4th Cir. 2020) (discussing whether allegations are sufficient to support a reasonable inference of discrimination sufficient to support a motion to dismiss). In either event, Plaintiff is required to allege facts that "nudge" his claims "across the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

To state a *prima facie* case of retaliation, a plaintiff must plausibly allege "(1) that [s]he engaged in protected activity, (2) that the employer took a materially adverse action against [her] and (3) there is a causal connection between the protected activity and the adverse action." *Evans v. Int'l Paper Co.*, 936 F.3d 183, 195 (4th Cir. 2019) (internal citations omitted). A materially adverse action is one that "might well have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53,

6

54 (2006). The resulting harm must be a *"significant detriment"* to the plaintiff and not "relatively insubstantial or trivial." *Laird v. Fairfax Cnty.*, 978 F.3d 887, 893 (4th Cir. 2020) (quoting *Burlington N.*, 548 U.S. at 68) (emphasis in original). "Title VII retaliation claims require proof that the desire to retaliate was the but-for cause of the challenged employment action." *Univ. of Texas Sw. Med. Ctr. v. Nassar*, 570 U.S. 338, 352 (2013). Specifically, to succeed on a Title VII retaliation claim, "a plaintiff must show that the decisionmaker was aware of the protected activity at the time the alleged retaliation occurred." *Roberts v. Glenn Indus. Grp., Inc.*, 998 F.3d 111, 124 (4th Cir. 2021).

Plaintiff's Complaint is full of the kind of "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements" that the Supreme Court has held do not suffice to plausibly state a claim. *Iqbal*, 556 U.S. at 678. Plaintiff identifies no decisionmaker or any specific protected activity. Plaintiff fails to allege when any activity of which he complains (other than his termination date) occurred. Plaintiff pleads no facts to support any inference to suggest that any decisionmaker acted with discriminatory or retaliatory animus or even whether any decisionmaker knew of his alleged protected activities. Rather, the entire Complaint is a series of conclusions. Accordingly, because Plaintiff has failed to allege facts that plausibly support his claims of race discrimination, national origin discrimination, or retaliation, Plaintiff's Title VII claims will be dismissed. At this point, however, the Court cannot say that permitting further amendment would be futile. Thus, the Court will provide leave to amend only with respect to Plaintiff's Title VII claims.

## IV. CONCLUSION

In short, Plaintiff's ADA and breach of contract claims are barred from being pursued in federal court by the Eleventh Amendment. With respect to Plaintiff's Title VII claims, Plaintiff has failed to allege any *facts* that support his claims of race or national origin discrimination or of retaliation.

Accordingly, it is hereby ORDERED that the Motion (Dkt. 7) is GRANTED; and it is

7

FURTHER ORDERED that Counts 1 (Breach of Contract), 4 (ADA retaliation), and 5 (ADA discrimination) of the Complaint are DISMISSED without prejudice and without leave to amend; and it is

FURTHER ORDERED that Counts 2 and 3 (Title VII claims) of the Complaint are DISMISSED without prejudice and with leave to amend; and it is

FURTHER ORDERED that Plaintiff is DIRECTED to file any amended complaint within TWENTY-ONE (21) DAYS of the entry of this Memorandum Opinion and Order.  Plaintiff is hereby WARNED that, if Plaintiff fails to file an Amended Complaint within this time period, the Court may dismiss this case for failure to prosecute and failure to abide by Court orders pursuant to Federal Rule of Civil Procedure 41.

The Clerk is directed to forward copies of this Order to all counsel of record.

It is SO ORDERED.

Alexandria, Virginia
July 29 2026

/s/
_____
Rossie D. Alston, Jr.
United States District Judge

8